IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph T. Hackett, | ) C/A No. 9:13-1274-JFA-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden Kenny Atkinson of Edgefield S.P.C., | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner is a federal inmate in Satellite Prison Camp Edgefield ("SPC Edgefield") in Edgefield, South Carolina. Petitioner, proceeding *pro se*, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed by the United States District Court for the Eastern District of Virginia.

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1][2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially-meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. *See* Rule 1(b).



(2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## DISCUSSION

The undersigned takes judicial notice of Petitioner's criminal proceeding in the United States District Court for the Eastern District of Virginia. *See United States v. Hackett*, C/A No. 3:12-cr-00043-HEH (E.D. Va.).[2] Petitioner alleges that he pleaded guilty to a violation of 18 U.S.C. § 371, conspiracy to commit health care fraud, and was sentenced on November 14, 2012 in the United States District Court for the Eastern District of Virginia to 48 months imprisonment, followed by supervised release for three years, payment of a special assessment of $100, and payment of restitution in the amount of $1,570,041.60. Petition, ECF No. 1, p. 2. Petitioner alleges that he did not file a direct appeal; Petition, ECF No. 1, p. 3; and did not file a motion under 28 U.S.C. § 2255 to challenge his conviction and sentence, because "[a] 2255 is an application that does not afford Petitioner the same Article III Case and Contreversy [sic] as the state's 2254, but the 2241 does, and affords Petitioner Supreme Court assess [sic]. The § 2241 is more relevant to the Constitutional relief required in petitioner's circumstance." Petition, ECF No. 1, p. 4.

---

[2] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



Petitioner alleges that the instant Petition concerns "[t]he applicability of federal statute 18 u.s.c. § 371 against petitioner as a violation of his 10th Amendment Right, and its application under color of law." Petition, ECF No. 1, p. 1. Petitioner asks that this Court:

> relieve him of the illegal-unlawful burden of title 18 u.s.c. § 371, AFFIRMING its UNCONSTITUTIONALITY & INAPPLICABILITY, and moving for the REMANDING and RESENTENCING of Petitioner without 18 u.s.c. § 371; as well as to review the frivolous amount of forfeiture attached in superceding of the Indictment allegations, or to properly DISMISS the illegal-unlawful sent[e]nce against petitioner.

Petition, ECF No. 1, p. 9. As grounds for seeking § 2241 habeas relief, Petitioner alleges that: (1) he did not conspire to defraud the United States or any agency thereof; Petitioner cites the United States Supreme Court's decision in *Tanner v. United States*, 483 U.S. 107 (1987) for the proposition that § 371 covers only conspiracies to defraud the United States and its agencies and does not reach private corporations, and asserts that the government's use of the statute in Petitioner's criminal case constitutes an unlawful and illegal expansion of the reach of its criminal provisions, simply because the United States contributes approximately 50% of the cost of the Medicaid program in Virginia, and the United States Department of Medical Assistance Services administers and supervises the Medicaid program in Virginia, along with the Commonwealth of Virginia; (2) § 371 was unconstitutionally applied in Petitioner's criminal case and was imposed in violation of Petitioner's 10th Amendment right and Petitioner never violated § 371, because "petitioner was never made aware that he was being coerced of defrauded into waiving this right intentionally by knowledge and it was malice of the Ineffectiveness of Counsel, which allowed such mistake in violation of 6th Amendment"; and (3) Petitioner's counsel "coerced him into a UNLAWFUL plea" to an erroneous and biased indictment "based off erroneous government testimony and application of statute in error," because Plaintiff "was not the marketer nor provider of services nor did he hire anyone

3



unqualified to perform any services with the intentions of defrauding the public nor medicaid," and "there is no factual proof of a conspiracy to defraud the U.S. or any Agency thereof." *See* Petition, ECF No. 1, p. 7-8.

Many federal prisoners, such as the Petitioner here, have erroneously attempted to overturn federal convictions or sentences by filing a § 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence [only] if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Otherwise, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained [*8] if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective, and since Petitioner has not yet even filed a motion to vacate under § 2255, he cannot demonstrate that its



relief would be "inadequate or ineffective."[3]  Indeed, courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause," which would allow a § 2241 petition to be filed at a later date.  *See Hernandez v. Drew*, 371 F. Appx 991, 993 (11th Cir. April 7, 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition); *see also Bearden v. Atkins*, C/A No. 1:12-3093, 2013 WL 7566302 (D.S.C. Feb. 27, 2013); *Ross v. Mitchell*, C/A No. 6:10-1891, 2010 WL 3522359, at *2 (D.S.C. Aug. 11, 2010), adopted by 2010 WL 3522357 (D.S.C. Sept. 3, 2010).

However, rather than dismiss this case, the undersigned finds it in the interest of justice to recharacterize this § 2241 habeas petition as a motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255.  *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . . .").  Because the AEDPA's one-year statute of limitations in 28 U.S.C. § 2255(f) may be an issue in this case, it is appropriate to recharacterize the Petition rather than dismiss it without prejudice because of the proximity of the running of the one-year time clock.[4]  If the Court accepts this recommendation and recharacterizes this action as a § 2255 petition, this Court should then transfer the motion to "the court which imposed the sentence . . . ."  *See* 28 U.S.C. § 2255(a); *id.* § 1631 (providing that "the court shall, if it is in the interest of justice, transfer such

---

[3]That a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy.  *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

[4]  This Court makes no finding concerning the specific date of the one-year period of limitations applicable in Petitioner's criminal case, after which a § 2255 petition may be time-barred.

5



action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .").

Finally, if this case is recharacterized as a § 2255 action, any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).[5]  Accordingly, it is recommended that if the Court recharacterizes the instant Petition as a § 2255 motion, the Court should provide the proper notice and give Petitioner an opportunity to express his consent to the conversion, or to withdraw or amend his petition, as required by *Castro v. United States*, 540 U.S. at 383 (requiring district court to provide notice when it recharacterizes a *pro se* litigant's motion as a first § 2255 motion); *see also Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

## RECOMMENDATION

Based on the foregoing, it is recommended that, after providing Petitioner with the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003), the Court recharacterize this § 2241 petition as a § 2255 case, and that this case then be transferred to the United States District Court for the Eastern District of Virginia for all further proceedings.

---

[5] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).



Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 29, 2013
Charleston, South Carolina



7

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

